NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BREEONA OSTEEN, as an individual,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>BAYER CORPORATION; et al.,<br><br>    Defendants-Appellees. | No.    16-56381<br><br>D.C. No.<br>2:15-cv-05993-R-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 4, 2018**
Pasadena, California

Before:  FISHER and OWENS, Circuit Judges, and MOLLOY,*** District Judge.

Breeona Osteen appeals from the district court's summary judgment in her

action against Bayer Corporation alleging injuries arising from her consumption of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

aspirin. As the parties are familiar with the facts, we do not recount them here. We affirm.

Osteen concedes that if she consumed the amount of aspirin she stated in her interrogatory responses and at her deposition – which was well below the maximum recommended dose – she is unable to show that Bayer is liable.

Osteen's bald assertion that, given her poor memory of the events leading up to her hospitalization, she may have consumed an amount of aspirin at or near the maximum recommended dose is insufficient to raise a genuine issue of material fact and defeat summary judgment. *See FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) ("In order to avoid summary judgment, a non-movant must show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [her] favor. A non-movant's bald assertions or a mere scintilla of evidence in [her] favor are both insufficient to withstand summary judgment." (citations omitted)).

We are also unpersuaded by Osteen's argument that, even if she overdosed, Bayer is liable for failing to provide adequate warnings because it is foreseeable that consumers would misuse the aspirin and take more than the maximum recommended dose. Viewing the expert and medical evidence in Osteen's favor, she took a large overdose, not an amount just above the maximum recommended dose. It is obvious that that there is a risk of serious harm for taking far more than

2

the recommended dose of aspirin without the guidance of a doctor. *See Johnson v. Am. Standard, Inc.*, 179 P.3d 905, 911-12 (Cal. 2008) ("California law . . . recognizes the obvious danger rule, which provides that there is no need to warn of known risks under either a negligence or strict liability theory.").

The district court's invocation of the "sham affidavit" rule is irrelevant. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009) (discussing sham affidavit rule). As explained above, even considering all of the evidence, Osteen has failed to raise a genuine issue of material fact.

**AFFIRMED**.[1]

---

[1] Bayer's opposed motion for leave to file a sur-reply (Dkt. No. 54) is denied.



*Breeona Osteen v. Bayer, A.G., et al.*, No. 16-56381

MOLLOY, District Judge for the District of Montana, concurring in the judgment:

Summary judgment requires that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in h[er] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where, as here, the non-movant carries the burden of proof, the question is not whether she has a good case, but if she can establish a genuine dispute of material fact as to an essential element of that case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Accordingly, "[t]he proscription against fact-finding on summary judgment is a deceptively difficult mandate." *Easley v. City of Riverside*, No. 1655941, ___ F. 3d ___ , *5 n.1 (9th Cir. 2018) (Pratt, J. dissenting).

This case presents a close call. It is undisputed that Osteen had a toxic level of aspirin byproduct in her bloodstream. Less clear is the number of pills she took in the days prior to her injury. However, that dispute matters on summary judgment only if it is material. While Osteen asserts she may have taken at or near the recommended dosage, that assertion is belied by the medical evidence— Osteen's salicylate level of 58.2 mg/dL at the time of admission and the testimony of the medical experts—and likely does not create an issue of material fact. In my view close calls should probably go to the plaintiff, but I am not so persuaded here that it merits reversal.